IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA,
WESTERN DIVISION

IN RE:

ROBERT C. CAFFEE,	BK 04-73228-CMS-13

    DEBTORS.

ACCEPTANCE LOAN COMPANY, INC.	AP 05-70003-CMS

    PLAINTIFF,

vs.

ROBERT CAFFEE
and SHIRLEY CAFFEE,

    DEFENDANTS.

## MEMORANDUM OF DECISION

This matter was before the court on Robert Caffee's motion to remand this removed lawsuit back to state court, and on creditor Acceptance Loan Company, Inc.'s opposition to remand. The court has reviewed the evidence in the context of applicable law.

## FINDINGS OF FACT

Acceptance Loan Company, Inc. commenced this lawsuit March 4, 2004 with a collection complaint against Robert and Shirley Caffee filed in the District Court of Tuscaloosa County, Alabama. (DV 2004-350, attachment to AP Doc. 1) The creditor was seeking to collect on a delinquent promissory note the Caffees owed. On March 22, 2004, the Caffees responded by filing a notice of removal to the Circuit Court, along with an answer and a notice of filing a counterclaim as a potential class action. The case was transferred to Circuit Court because the amount in

1

controversy exceeded the District Court's $10,00.00 jurisdictional limit. (CV 2004-559, attachment to AP Doc. 1).

The Caffees alleged in their counterclaim that Acceptance had violated the Consumer Credit Protection Act (15 U.S.C. § 1681 a-2), the Fair Credit Reporting Act (15 U.S.C. § 1681s-2), and the Truth in Lending Act (15 U.S.C. § 1601, et seq.). Their complaint also sets forth state law claims for breach of contract, fraud, and conversion; and sought a declaratory judgment. Circuit Judge Charles Malone denied Acceptance Loan's motions to dismiss and to compel arbitration of the counterclaim. Subsequently, the creditor filed its answer to the counterclaim July 29, 2004.

On October 19, 2004, the Caffees filed a petition under Chapter 13 of the Bankruptcy Code seeking a reorganization of their finances. The debtors referred to the state court action in their Schedule B. Personal Property filed with their petition (BK Doc. 1), stating:

> Atty Gene Moore is filing a class action suit against Acceptance Loan for fraud – no market value.

The Caffees did not claim the cause of action as exempt in the Schedule C filed with the petition. On Schedule F, they listed Acceptance Loan Co. as an unsecured creditor owed $3,600.00. On November 16, 2004, Acceptance Loan Co. filed Proof of Claim 6 for $5,470.30.

This lawsuit had been pending in Circuit Court for eight months when the Caffees filed bankruptcy. The state court had ruled on the dismissal and arbitration issues and both parties had engaged in some discovery. However, the case had not yet reached the stage where the court had begun to address the merits.

On January 14, 2005, Loan Acceptance filed its notice of removal of the suit/counterclaim

to Bankruptcy Court under 28 U.S.C. §1452[1]. Upon the filing, CV 2004-559 became Adversary Proceeding 05-70003 in the Bankruptcy Court.

The Caffees' filed their motion asking for remand to the Circuit Court; and/or, in the alternative, for this court to abstain from hearing the case on February 1, 2005. (AP Doc. 7) On February 9, 2005, this court entered an order dismissing Shirley J. Caffee from BK 04-73228. (BK Doc. 51). (Ms. Caffee later filed an individual Chapter 13, BK 05-71115 in which confirmation is pending.) On March 8, 2005, Acceptance Loan filed its opposition to the plaintiffs' motion. (AP Doc. 10) The court took the remand/abstention issues under submission for a decision as of March 10, 2005. (AP Doc. 11, Minute Entry)

On March 23, 2005, this court entered an order confirming Robert C. Caffee's Chapter 13 plan. (BK Doc. 67). The order provided for a $114.00 per-month payment to Acceptance Loan for Proof of Claim No. 6 including 6% interest over the 60-month term of the plan. The plan stated that unsecured creditors would be paid pro-rata from funds left, after the secured creditors received fixed payments, up to a total of $928.00. The order also stated:

> By agreement, in the event the debtor(s) receives any money from the lawsuit scheduled then the money recovered above the amount claimed exempt shall be paid to the Chapter 13 Standing Trustee to be distributed to Creditors.

## CONCLUSIONS OF LAW

This court has jurisdiction of debtor Robert C. Caffee's Chapter 13 case pursuant to 28

---

[1] **28 U.S.C. § 1452(a)** provides the following:

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title. ...

3

U.S.C. § 1334(a). It has jurisdiction of this lawsuit pursuant to 28 U.S.C. § 1334(b). The jurisdiction is referred to this court, pursuant to 28 U.S.C. 157(a) by the General Order of Reference of the United States District Courts for the Northern District of Alabama, Signed July 16, 1984, as amended July 17, 1984.

I.

**This court has "related-to" jurisdiction
of this removed lawsuit, and may weigh equitable factors
to decide whether to exercise the jurisdiction**.

In every lawsuit removed to bankruptcy court under 28 U.S.C. 1452(a)[2], the first issue to be decided is whether the court has jurisdiction pursuant to 28 U.S.C. § 1334(b). St. Vincent's Hospital v. Norrell (In re Norrell), 198 B.R. 987, 992 (Bankr. N.D. Ala. 1996). Section 1334(b) provides that district courts, and through them, the bankrupt courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

Since the causes of action in this lawsuit and counterclaim are not created by, nor to be determined by the Bankruptcy Code, the case does not come under the "arising under" classification in Section 1334(b). Since the suit could, and did, exist outside the bankruptcy context, is cannot be classified under "arising in" 1334(b) jurisdiction. Norrell, 198 B.R. at 993.

However, the third Section 1334(b) classification requires only that the civil action be "related to a case under title 11." In this circuit, the definition of "related-to" was annunciated in Miller v. Kemira Inc. (In re Lemco Gypsum, Inc.), 910 F.2d 784, 788 (l1th Cir. 1990), citing Pacor,

---

[2] Section 1452(a) permits removal to bankruptcy courts "if such district court has jurisdiction of such claim or cause of action pursuant to section 1334 of this title." Some courts have disagreed on whether it is proper for a party to remove an action directly to the bankruptcy court as opposed to the district court above. The General Order of Reference from the United States District Court for the Northern District of Alabama makes direct removal appropriate.

4

Inc. v. Higgins, 743 F.2d 984,994 (3rd Cir. 1984):

> "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options and freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."

See also Continental National Bank of Miami v. Sanchez (In re Toledo), 170 F.3d 1340 (11th Cir. 1999).

Acceptance Loan's original lawsuit alleged that the Caffees were liable for non-payment on an open account held by the creditor. Then the Caffees, in their counterclaim alleged various violations of non-bankruptcy federal law relating to consumer credit; and other violations of Alabama state law. The counterclaim also seeks money damages.

While all these causes of action are independent of the Bankruptcy Code, the outcome of the litigation will clearly impact administration of Robert C. Caffee's Chapter 13 estate.

If the Caffees are liable for the debt, and unsuccessful on their counterclaim, the trustee's distribution will be made according to terms of the confirmed Chapter 13 plan. However, to the extent the Caffees are not liable for the debt, any payment to Acceptance would be reduced or even nullified by that finding. In that case, money would be available for other unsecured creditors, increasing their distribution under the plan. Additionally, if the Caffees prevail on the merits of the counterclaim and are awarded money damages, those funds would also become property of the estate to be shared by creditors.

This civil action is related to a bankruptcy case in the contemplation of the 28 U.S.C. § 1334(b) jurisdictional grant.

The second section of 28 U.S.C. § 1452 allows bankruptcy courts broad discretion about

5

whether or not to remand such a case or to exercise the jurisdiction. Section 1452(b) states:

> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action <u>on any equitable ground</u>. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title. (emphasis added)

## II.

### In this case, the equities require remand to state court.

The Bankruptcy Court will not reach the issue of mandatory abstention, since the balance of the equities under Section 1452(b) so clearly require remand to state court. The Fifth Circuit Court of Appeals set out eight factors to be considered in making the remand/retain decision in <u>Browning v. Navarro</u>, 743 F.2d 1069, 1076 at n. 21 (5th Cir. 1984).

> This court's paraphrase of those factors includes the following:
>
> 1. Does removal create a forum non conveniens problem – or vice versa?
>
> 2. If a civil action has been bifurcated by removal, the entire action should be tried by the same court.
>
> 3. Is a state court better able to respond to questions involving state law?
>
> 4. Does either court have expertise that would be particularly useful in trying the removed civil action?
>
> 5. Will use of two forums result in duplicative and uneconomical use of judicial resources?
>
> 6. Consideration should be given to prejudice to the involuntarily removed parties.
>
> 7. As in all such determinations, the court should be sensitive to considerations of comity with the state court system.
>
> 8. As much as possible, the court's remand decision should lessen the possibility of inconsistent result.

<u>Wilson v. ALFA Companies</u> (<u>In re Wilson</u>), 207 B.R. 241, 249 (Bankr. N.D. Ala. 1996).

This court analyzes Acceptance Loan v. the Caffees in the context of the <u>Browning</u> factors as follows:

**1. <u>Forum non conveniens</u>**: The United States Bankruptcy Court and the Tuscaloosa County Circuit Court are located on the same street in Tuscaloosa, Alabama. The forum is the same geographically. However, the jury request and nature of the complaints would require transfer from this Bankruptcy Court after pretrial motions are decided to the District Court above. Some District Court jury trials are tried in Tuscaloosa, but most are held in downtown Birmingham, Alabama, approximately 50 miles away.

**2. <u>Bifurcation by removal</u>:** Retention of the case by the bankruptcy court would require bifurcation between this court for pretrial proceedings; and the District Court for the merits before a jury. In state court, the same judge could rule on pretrial motions, and then preside over the jury (fact finding) phase of the case.

**3. <u>Question of state law</u>:** Both the bankruptcy courts and state courts routinely handle state law issues in areas affecting the finances of individuals and businesses.

**4. <u>Expertise of the particular court</u>:** The state courts, the district courts, and the bankruptcy courts regularly handle cases of this nature. However, the state court circuit judge has already denied a motion to dismiss and a motion to arbitrate the case. It appears the circuit court is already more familiar with the facts and law than the federal courts.

**5. <u>Uneconomical use of judicial resources</u>:** Although Section 1452 is the means by which the creditor moved into the Bankruptcy Court, no core bankruptcy proceedings are involved and none of the issues will be resolved by bankruptcy law. The Bankruptcy Court may enter a final order only in such core proceedings. Consequently, even if no jury demand were implicated, this court could only recommend an outcome to the District Court above. On the other hand, state Circuit Court has plenary jurisdiction, and the case can proceed from pretrial to jury verdict to judgment in one forum there

**6. <u>Prejudice to the involuntarily removed parties:</u>** Acceptance Loan, which initially chose the state court forum, now chooses a federal one. However, the Caffees made the Section 1452 option available by filing Chapter 13 bankruptcy while the case was pending in state court. Now, it is the Caffees who wish go back to state court for a decision. (Mrs. Caffee has been dismissed as a party to the original Chapter 13, but she is still her husband's codebtor on the loan, and has filed her own bankruptcy.) One way or another, the actions of both plaintiffs and defendant have brought this case to Bankruptcy Court.

**7. <u>Comity considerations</u>:** This "related-to" lawsuit involves no bankruptcy claims or issues; and a state court judge has already considered, and ruled on two pretrial motions. In such circumstances, federal courts should use restraint in retaining removed lawsuits.

**8. Possibility of inconsistent results:** Since there are many precedents in case law, on the federal statutes and state law involved, a widely inconsistent result is unlikely given the legal expertise of all three courts involved. However, it would be an more unwieldly to reach that result in the federal system, as well as requiring two more judges to familiarize themselves with the facts and the law from scratch.

It appears to this court that the equities in this particular case are due to be remanded to the Tuscaloosa County Circuit Court pursuant to 28 U.S.C. § 1452(b).

## CONCLUSION

The court finds that the Caffees' motion to remand is due to be **GRANTED**; and the creditor's opposition is due to be **OVERRULED,** pursuant to 28 U.S.C. § 1452(b)**.** The court will enter an a separate order, consistent with these findings pursuant to Fed. R. Bankr. P. 7052.

**DONE and ORDERED** this July 8, 2005.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge

8